# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| MICHAEL G. ZITO, JR. : | |
| : | CIVIL ACTION NO. |
| Plaintiff, : | 3:02CV277(JCH) |
| : | |
| v. : | |
| : | |
| SBC PENSION BENEFIT PLAN, SBC : | |
| COMMUNICATIONS, INC., SOUTHERN : | |
| NEW ENGLAND TELEPHONE : | |
| COMPANY AND PRICEWATERHOUSE : | OCTOBER 10, 2003 |
| LLP, : | |
| : | |
| Defendants. : | |

### MOTION FOR ENTRY OF CONFIDENTIALITY ORDER

The parties to the above action hereby jointly move that the Court enter the attached Stipulated Confidentiality Order in connection with discovery in the above-referenced case.

In responding to plaintiff's final set of discovery requests, the defendants expect to disclose certain personnel-related information concerning employees other than plaintiff and other confidential business information of SBC Communications, Inc. and the Southern New England Telephone Company. To facilitate that disclosure and protect the information from disclosure outside of these proceedings, the parties respectfully request that the Stipulated Confidentiality Order attached hereto be entered by the Court.

*ORAL ARGUMENT IS NOT REQUESTED*

Dated at New Haven, Connecticut this 10th day of October, 2003.

       THE PLAINTIFF,
       MICHAEL G. ZITO, JR.

By_____
       Edmond Clark
       Federal Bar No.: CT 22396
       83 Scotland Avenue
       P. O. Box 133
       Madison, Connecticut 06443-0133
       Telephone: (203) 245-4602
       Facsimile: (203) 245-9734
       E-Mail: Eclarkmadisonlaw@aol.com


       THE DEFENDANTS,
       SBC PENSION BENEFIT PLAN, SBC COMMUNICATIONS,
       INC., AND SOUTHERN NEW ENGLAND TELEPHONE, INC.


By_____
       Lori B. Alexander
       Federal Bar No.: CT 08970
       TYLER COOPER & ALCORN, LLP
       205 Church Street
       P. O. Box 1936
       New Haven, Connecticut 06509
       Telephone: (203) 784-8200
       Facsimile: (203) 789-2133
       E-Mail: alexander@tylercooper.com

# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | |
|---|---|
| MICHAEL G. ZITO, JR. : | |
| : | CIVIL ACTION NO. |
| Plaintiff, : | 3:02CV277(JCH) |
| : | |
| v. : | |
| : | |
| SBC PENSION BENEFIT PLAN, SBC : | |
| COMMUNICATIONS, INC., SOUTHERN : | |
| NEW ENGLAND TELEPHONE : | |
| COMPANY AND PRICEWATERHOUSE : | OCTOBER 10, 2003 |
| LLP, : | |
| : | |
| Defendants. : | |

### PROPOSED STIPULATED CONFIDENTIALITY ORDER

It is hereby ordered that the following restrictions and procedures shall apply to all information, including documents and records supplied by the defendants, SBC Pension Benefit Plan, SBC Communications, Inc., and the Southern New England Telephone Company in this matter, as set forth below:

1. Unless otherwise ordered by the Court, or unless otherwise provided herein, such information provided by the defendants to the plaintiff and designated as "Confidential" will be held by the plaintiff and his counsel solely for use in connection with the above-captioned action.

2. Information or documents designated as confidential shall not be disclosed to any person, except:

      a.      plaintiff and plaintiff's counsel;

      b.      employees, agents and consultants of plaintiff's counsel assigned to and necessary to assist in the litigation;

      c.      any person from whom testimony is taken or is to be taken in this action, except that such person may only be shown the confidential information or documents during and in preparation for her/his testimony and may not retain the confidential documents or information; and

      d.      the Judge assigned to this matter, in ruling on pleadings filed in the matter and at the time of trial.

      3.      Prior to disclosing or displaying confidential information or documents to any person pursuant to Paragraph 2 above, counsel shall: (1) apprise that person of the confidential nature of the information; and (2) apprise that person that this Court has enjoined the use of that information by her/him for any purpose other than this litigation and has enjoined the disclosure of that information to any other person.

      4.      Each person given access to the confidential information or documents pursuant to Paragraphs 2(a), 2(b) and 2(c) shall segregate such material, keep it strictly secure, and refrain from disclosing it in any manner and shall keep the information strictly confidential, except as specifically provided for by the terms of this Order.

      5.      At the conclusion of this litigation, the confidential documents and information and any copies thereof shall be promptly returned to counsel for the defendants, or, with written consent from the defendants, destroyed. The return or destruction shall be certified in writing by the holder of the confidential documents or information.

6.  Nothing in this Confidentiality Order shall prevent or otherwise restrict counsel from rendering advice to their clients.

7.  The foregoing is entirely without prejudice to the right of any party to apply to the Court for any further protective order relating to confidential documents or information; or to object to the production of documents; or to apply for an order compelling production of documents; or for modification of this Order.

Dated at New Haven, Connecticut this ___ day of October, 2003.

By the Court

_____

3

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing was sent via first-class mail, postage prepaid, to all counsel and pro se parties of record on this 10th day of October, 2003, as follows: Edmond Clark, Esquire, 83 Scotland Avenue, P.O. Box 133, Madison, Connecticut 06443-0133.

_____
Lori B. Alexander