# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | |
|---|---|
| MICHAEL G. ZITO, JR. : | |
| Plaintiff, : | CIVIL ACTION NO. 3:02CV277(JCH) |
| v. : | |
| SBC PENSION BENEFIT PLAN, SBC COMMUNICATIONS, INC., SOUTHERN NEW ENGLAND TELEPHONE COMPANY AND PRICEWATERHOUSE LLP, : | OCTOBER 10, 2003 |
| Defendants. : | |

## ~~PROPOSED~~ STIPULATED CONFIDENTIALITY ORDER

It is hereby ordered that the following restrictions and procedures shall apply to all information, including documents and records supplied by the defendants, SBC Pension Benefit Plan, SBC Communications, Inc., and the Southern New England Telephone Company in this matter, as set forth below:

1.   Unless otherwise ordered by the Court, or unless otherwise provided herein, such information provided by the defendants to the plaintiff and designated as "Confidential" will be held by the plaintiff and his counsel solely for use in connection with the above-captioned action.

2.   Information or documents designated as confidential shall not be disclosed to any person, except:

      a.      plaintiff and plaintiff's counsel;

      b.      employees, agents and consultants of plaintiff's counsel assigned to and necessary to assist in the litigation;

      c.      any person from whom testimony is taken or is to be taken in this action, except that such person may only be shown the confidential information or documents during and in preparation for her/his testimony and may not retain the confidential documents or information; and

      d.      the Judge assigned to this matter, in ruling on pleadings filed in the matter and at the time of trial.

      3.      Prior to disclosing or displaying confidential information or documents to any person pursuant to Paragraph 2 above, counsel shall: (1) apprise that person of the confidential nature of the information; and (2) apprise that person that this Court has enjoined the use of that information by her/him for any purpose other than this litigation and has enjoined the disclosure of that information to any other person.

      4.      Each person given access to the confidential information or documents pursuant to Paragraphs 2(a), 2(b) and 2(c) shall segregate such material, keep it strictly secure, and refrain from disclosing it in any manner and shall keep the information strictly confidential, except as specifically provided for by the terms of this Order.

      5.      At the conclusion of this litigation, the confidential documents and information and any copies thereof shall be promptly returned to counsel for the defendants, or, with written consent from the defendants, destroyed. The return or destruction shall be certified in writing by the holder of the confidential documents or information.

6. Nothing in this Confidentiality Order shall prevent or otherwise restrict counsel from rendering advice to their clients.

7. The foregoing is entirely without prejudice to the right of any party to apply to the Court for any further protective order relating to confidential documents or information; or to object to the production of documents; or to apply for an order compelling production of documents; or for modification of this Order.

Dated at New Haven, Connecticut this 21st day of October, 2003.

By the Court

_____

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing was sent via first-class mail, postage prepaid, to all counsel and pro se parties of record on this 10th day of October, 2003, as follows: Edmond Clark, Esquire, 83 Scotland Avenue, P.O. Box 133, Madison, Connecticut 06443-0133.

_____
Lori B. Alexander