UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| MICHAEL G. ZITO, JR. : | |
| : | CIVIL ACTION NO. |
| Plaintiff, : | 3:02CV277(JCH) |
| : | |
| v. : | |
| : | |
| SBC PENSION BENEFIT PLAN, SBC : | |
| COMMUNICATIONS, INC., SOUTHERN : | |
| NEW ENGLAND TELEPHONE : | |
| COMPANY AND PRICEWATERHOUSE : | OCTOBER 29, 2003 |
| LLP, : | |
| : | |
| Defendants. : | |

**DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION
TO MOTION FOR SUMMARY JUDGMENT**

I.   **INTRODUCTION**

The only relevant inquiry on the pending summary judgment motion is whether the plaintiff has established that there is a genuine issue of material fact that the SBC Benefit Plan Committee (the "Committee") acted arbitrarily and capriciously when it found him ineligible for the Enhanced Pension Retirement ("EPR" or the "Plan") because he had retired more than four months before the eligibility period for the Plan.[1]  Because the plaintiff was ineligible for benefits under the plain terms of the Plan, the decision of the Committee, as the Plan Administrator, was not arbitrary or capricious.

Apparently realizing there is no evidence in this case to support his claims, and in an apparent attempt to muddy otherwise clear waters, the plaintiff now attempts for the first time in response to SNET's Motion for Summary Judgment to introduce a new cause of action for breach of fiduciary duty

---

[1] Plaintiff also claims that he was denied EPR-related documents in violation of ERISA. As set forth below, however, that claim is easily disposed of because plaintiff fails to identify any documents he was entitled to receive under ERISA that were denied to him, and in fact he admits he received all documents to which he was entitled under ERISA.  See pp. 11-12, supra.

based on misrepresentation, presumably under Section 404 of ERISA.[2] Such a claim (1) was never pled in the Amended Complaint; and (2) substantively has no merit.

## II. ARGUMENT

### A. The Arbitrary and Capricious Standard of Review Applies to This Case.

As a preliminary matter, plaintiff incorrectly states that the Plan Administrator's decision to deny him EPR benefits is subject to a de novo standard of review rather than the arbitrary and capricious standard of review applicable to Plans that confer discretionary authority on the Administrator. However, that position has no merit, first, because SBC has established and plaintiff has admitted that "[t]he Plan in the present case unambiguously confers discretionary authority on the Committee to determine matters of eligibility." Pl. Local Rule 56(a)(1) Statement at ¶ 23. Under established case law presented in defendants' Memorandum of Law in Support of Motion for Summary Judgment ("Motion for Summary Judgment"), there is no question that the arbitrary and capricious standard of review applies in this situation.

To support his position, plaintiff cites several cases that are either wholly inapposite or in fact support SBC's argument that the arbitrary and capricious standard applies. See Pl. Opp. Brief at 12. For example, plaintiff cites I.V. Services of America, Inc. v. Trustees of the American Consulting Eng'rs Council, 136 F. 3d 114 (2d Cir. 1998), as a case supporting de novo review here. In I.V. Services, however, the Second Circuit made clear that the de novo standard of review applied only because the plan in that case did not grant the administrator discretionary authority to interpret its provisions. I.V. Services of America, 136 F. 3d at 121-22 n. 9. By contrast, as explained fully in defendant's Motion for

---

[2] Although plaintiff uses the word "misrepresentation" numerous times in his Opposition brief, he nowhere states a legal theory to which such a factual claim would relate.

Summary Judgment, the Plan in the present case clearly and unambiguously conferred discretionary authority on the Committee to interpret the Plan and to determine matters of eligibility.

Plaintiff also cites Boesel v. Chase Manhattan Bank, 62 F. Supp. 2d. 1015 (W.D.N.Y. 1999), to support his argument for a de novo standard of review. However, the Boesel Court actually applied the arbitrary and capricious standard of review after finding that the Plan at issue conferred discretionary authority on the plan administrator – in terms substantially similar to the language that conferred discretionary authority upon the Committee in the present case.

Finally, the plaintiff cites several other cases, in particular Varity Corporation v. Howe, 516 U.S. 489 (1996) and Mullins v. Pfizer, 23 F. 3d 663 (1994), that have absolutely nothing to do with the issue of the standard of review to be applied to a plan administrator's decision regarding eligibility. Plaintiff has failed to present any relevant authority to rebut defendants' argument that the arbitrary and capricious standard is the appropriate standard of review in this case.

### B. The Committee's Decision Was Reasonable Under Any Standard of Review.

Under any standard of review, the Committee's decision to deny plaintiff severance benefits must be upheld because it was a reasonable interpretation of the relevant provisions of the Plan.[3] It is undisputed that plaintiff voluntarily retired from SNET on April 7, 2000. Pl. Local Rule 56(a)(2) Statement at ¶¶ 2, 5. It is also undisputed that eligibility for the EPR was accorded to only two types of voluntarily terminated employees: (1) employees who were actively employed by the Company as of September 7, 2000 and who elected to terminate their employment on November 15, 2000; and (2)

---

[3] If fact, it was the only reasonable interpretation. While true, as set forth in the defendants' Motion for Summary Judgment, the defendants need not show that the Plan Administrator's decision was the only reasonable interpretation under either the "arbitrary and capricious" or "de novo" standard of review.

3

employees who voluntarily terminated their employment between August 17, 2000 and September 7, 2000. See Pl. Local Rule 56(a)(2) Statement at ¶ 11. Plaintiff does not fall within either category.[4] The fact that he was ineligible for benefits under the terms of the Plan is beyond dispute. Thus, no matter how strictly the Committee's decision is reviewed, it was clearly a reasonable interpretation of the Plan and must be upheld.

### C. There is No Claim for Breach of Fiduciary Duty in this Case.

In opposition to summary judgment, the plaintiff -- for the first time in any pleading in this case -- appears to try to raise a claim that defendants breached a fiduciary duty owed to him. Pl. Opp. Brief at 10, 12-13. Such a claim of breach of fiduciary duty may be brought against a Plan Administrator under Section 404 of ERISA (enforceable through Section 502(a)(3) of ERISA), 29 U.S.C. § 1104 for a material misrepresentation of fact about Plan benefits by a fiduciary. However, the only claims that are properly before this Court are a claim for wrongful denial of benefits under Section 502(a)(1)(B) of ERISA (29 U.S.C. § 1132(a)(1)(B)) in Count One, and a claim that defendants failed to provide requested documents in violation of Section 502(c) of ERISA (29 U.S.C. § 1132(c)) in Count Two.[5] Nowhere in plaintiff's Amended Complaint did he raise a claim for breach of fiduciary duty under

---

[4] Although plaintiff asserts in his Local Rule 56(c)(2) Statement that "[i]t is Plaintiff's contention that it is the terms and interpretation of the plan that are at issue where determining his eligibility is involved," Pl. Local Rule 56(c)(2) Statement ¶ 13, he provides no citation to any Plan language under which he would be eligible for enhanced pension benefits.

[5] In a footnote in a prior ruling on a Motion to Dismiss in this case, The Honorable Janet B. Arterton pointed out that claims for breach of fiduciary duty through misrepresentation could be brought under ERISA, 29 U.S.C. § 502(a)(2) and (a)(3). By contrast, she concluded that plaintiff's claim (then Count Three) was for denial of benefits under 29 U.S.C. § 1132(a)(1)(B). Mem. of Decision on Motions to Dismiss dated July 17, 2002 at 1, 6 n.3.

Section 404 of ERISA.[6]

For the above reason, SBC objects to plaintiff's attempt to introduce an unpled cause of action at this late stage in the case. Beckman v. U.S. Postal Serv., 79 F. Supp. 2d 394, 407 (S.D.N.Y. 2000) ("it is inappropriate to raise new claims for the first time in submissions in opposition to summary judgment") (collecting cases re same). In discovery conferences, SBC has consistently taken the position that the timing of the company's consideration of an EPR program is irrelevant to any claim in this case, since no claim for breach of fiduciary duty was pled.[7]

        **D.**    **Even if Plaintiff Had Made a Claim for Breach of Fiduciary Duty, There Is No Genuine Issue of Material Fact that Would Entitle Him to a Trial on Such Claim.**

Plaintiff's failure to allege in the Amended Complaint a cause of action for breach of fiduciary duty under ERISA, and subsequent unsupported arguments in his Opposition brief about "misrepresentations" leave the defendants in the untenable position of guessing what his unpled claim might be if it had been pled, and then responding to it. That is why the Court should not consider any such argument concerning misrepresentation in this proceeding in light of plaintiff's failure to plead it.

Even if the plaintiff had alleged that SBC breached a fiduciary duty to him by making "material misrepresentations" to him in violation of ERISA, such a claim would fail based on the established record of this case. In order to prevail on a claim for breach of fiduciary duty based on a misrepresentation, a plaintiff must show that: (1) the company was acting in a fiduciary capacity when

---

[6] Counts Three and Four of Plaintiff's May 8, 2002 Complaint, alleging common law claims for breach of an implied covenant of good faith and fair dealing and misrepresentation, were dismissed by the Court on July 18, 2002.

[7] When the EPR was planned or considered is clearly irrelevant to plaintiff's claim in Count One that he was eligible for benefits under the terms of the EPR, and in Count Two that he was wrongfully denied documents he was legally entitled to receive.

it made alleged misrepresentations, (2) the representations constituted <u>material misrepresentations</u>, and (3) the plaintiff relied on those misrepresentations to his detriment. <u>Danis v. Cultor Food Science, Inc.</u>, 154 F. Supp. 2d 247, 259 (D. Conn. 2001); <u>see also</u> <u>Ballone v. Eastman Kodak Co.</u>, 109 F.3d 117, 122 (2d Cir. 1997). Because plaintiff has not offered <u>any</u> evidence of material misrepresentations made to him concerning future benefits -- much less the admissible and significantly probative evidence required by <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317 (1986) to defeat summary judgment -- such a claim would have no merit.[8]

Misrepresentations are "statements which the employer knows to be false or that have no reasonable basis in fact." <u>Radley v. Eastman Kodak Co.</u>, 19 F. Supp. 2d 89, 99 (W.D.N.Y. 1998) (quoting <u>Ballone v. Eastman Kodak Co.</u>, 109 F.3d 117, 126 (2d Cir. 1997)). "[P]lan fiduciaries may not <u>affirmatively</u> <u>mislead</u> plan participants about changes, effective or under consideration, to employee pension benefit plans." <u>Pocchia v. NYNEX Corp.</u>, 81 F.3d 275, 278 (2d Cir. 1996) (emphasis added). Communications that "were accurate statements of then-existing facts or, at most, personal predictions about whether they believed the plan then in effect would change in the near future" are not misrepresentations. <u>Radley v. Eastman Kodak Co.</u>, 19 F. Supp. 2d 89, 99 (W.D.N.Y. 1998), <u>aff'd</u>, 199 F.3d 1323 (2d Cir. 1999); <u>see also</u> <u>Mullins v. Pfizer</u>, 23 F.3d 663, 669 (2d Cir. 1994) ("we do not require an ERISA fiduciary to be perfectly prescient as to all future changes in employee benefits"). If true when made, statements such as, "I am not aware of any retirement plan changes" are not misrepresentations that can support a breach of fiduciary duty claim under ERISA. <u>See</u> <u>Radley</u>, 19 F.

---

[8] Assertions by counsel that SBC "functions with a high level of prior planning" or that SBC's 2001 Annual Report contained the words "projections, assumptions, to reduce, gains, and comprehensive review" is a far cry from the type of probative evidence required by the Federal Courts to respond to a motion for summary judgment. <u>See</u> <u>Celotex</u>, 477 U.S. 317; <u>Smith v. Blue Cross Blue Shield</u>, 894 F. Supp. 1463, 1467 (D. Kan. 1995).

Supp. 2d at 93, 97.

The plaintiff has not established and cannot establish that the defendants made any misrepresentations to him about future Plan benefits. In fact, plaintiff has not identified -- nor can he -- a single statement to support his bald assertion that defendants engaged in "deliberate deception and acts of a material misrepresentation." Pl. Opp. Br. at 10. To the contrary, plaintiff in fact acknowledged at his deposition that nobody at the Company who he spoke to about future benefits made any misrepresentations to him:[9]

> Q: Are you claiming that anyone that you talked to about packages kept a plan for severance secret from you intentionally?
> A: I have to say no.
> Q: Who did you ask about packages? Tell me all the names, please.
> A: Bill Youell, Diane O'Falt, Ann Rotatori, Jackie Jaritta.

Zito Dep. at 58.

> Q: So you're not claiming, then, are you, that Bill Youell made a misrepresentation to you? Are you?
> A: No.

Zito Dep. at 61.

> Q: Do you claim that Diane O'Falt misrepresented something to you?
> A: To my knowledge, no.

Zito Dep. at 62.

> Q: Do you have any reason to think that [Ann Rotatori] was misrepresenting things to you?
> A: To my knowledge, no.

Zito Dep. at 71-72.

> Q: Do you have any reason to think [Jackie Jaritta] misrepresented the facts to you?
> A: To the best of my knowledge, no.

Zito Dep. at 75. Plaintiff's admissions during his deposition clearly belie his counsel's wholly unsupported statements about "misrepresentations" made in his Opposition Brief.

---

[9] This admission is consistent with the fact that plaintiff has not asserted a claim for misrepresentation in his Amended Complaint.

7

Plaintiff appears to assert that when he asked co-employees Bill Youell, Diane O'Falt, Ann Rotatori, and Jackie Jaritta whether any severance packages were forthcoming, they told him that they were unaware of any packages and didn't know if any would be announced in the future. If said, these were true statements of then-existing facts, and plaintiff has offered no evidence whatsoever to suggest that they were misrepresentations -- much less material misrepresentations. See Affidavit of Ann Rotatori dated September 15, 2003, attached to Supplement to Appendix of Exhibits in Support of Motion for Summary Judgment, at ¶ 5 (attesting that she had no knowledge of the EPR or any enhanced pension offering prior to September 7, 2000); Rotatori Dep. at 51 (she was not aware of any enhanced pension offer before it was announced to all employees); Youell Dep. at 12 (he learned about the EPR at the same time it was announced to SNET employees).

Thus, not only has plaintiff failed to plead a claim for misrepresentation, but he has conceded that no misrepresentations were made to him by the only people he talked to about potential retirement offers. Further, in his Opposition, he has presented no evidence of any statement by anyone made to "affirmatively mislead" him about plan changes, "effective or under consideration." Pocchia v. NYNEX Corp., 81 F.3d 275, 278 (2d Cir. 1996). For all of these reasons, plaintiff's claim for misrepresentation, which would have to be pled under Section 404 of ERISA, cannot survive summary judgment.

In addition to all of the above reasons, a claim of misrepresentation and breach of fiduciary duty would also fail on the second element of the cause of action. To satisfy the second element, a plaintiff must show that a defendant's misrepresentation about future plan benefits was material. The Second Circuit has set forth a multi-factor test to be used in determining whether an ERISA fiduciary's statements constitute material misrepresentations. See Ballone v. Eastman Kodak Co., 109 F.3d 117 (2d Cir. 1997); Radley v. Eastman Kodak Co., 19 F. Supp. 2d 89 (W.D.N.Y. 1998), aff'd, 199 F.3d

8

1323 (2d Cir. 1999). A key factor in determining materiality is "how significantly the statement misrepresents the present status of internal deliberations." Radley at 99. Another factor is whether the employer's personnel "knowingly or actively misinformed plaintiffs . . . ." Id. at 101. Such a showing would require evidence of intentional deception. Id.

For the reasons set forth above, the Court should not reach the issue of the company's internal deliberations concerning the EPR. Plaintiff has certainly not produced any evidence of such deliberation. However, notably, the sole, uncontroverted evidence in the case is that prior to and at the time of plaintiff's retirement on April 7, 2000, the company was <u>not</u> planning an enhanced pension offering or early retirement package. See Exh. 1 to Appendix of Exhibits in Support of Defendant's Motion for Summary Judgment ("Def. Appendix") at p. 3 ("Therefore, managers who retired between August 17, 2000 (the date the EPR was first seriously considered by upper management) and September 7, 2000 (the date when the EPR was announced) will receive the EPR benefit enhancement if they otherwise meet the requirements); see also Rick Aff., appended hereto as Exh. A (it was not until August 18, 2000 that a team of employees was asked to start formulating proposals, for consideration by senior management, for incentive offerings to encourage employees to voluntarily terminate their employment).[10] Moreover, plaintiff admits that there was no intentional deception:

> Q: Are you claiming that anyone that you talked to about packages kept a plan for severance secret from you intentionally?
> A: I have to say no.

Zito Dep. at 58.

> Q: And you're not claiming that anyone was trying to induce you to retire before a package was announced so that you wouldn't get

---

[10] Plaintiff testified that the last time he spoke with anyone about whether SBC intended to offer a severance package was March, 2000, when he asked Ann Rotatori whether she knew if any severance packages were available to plaintiff. Zito Dep. at 75.

> Q: it, are you?
> A: To the best of my knowledge, I would have to say no.
> Q: Did anybody force you to retire?
> A: No.
> Q: Did [your supervisor] pressure you to retire earlier than you wanted to?
> A: No. She was disappointed that I was retiring. . . . She didn't want me to leave.

Zito Dep. at 80-81. Thus, even if plaintiff's local co-employees told him prior to his retirement that they were not aware of any voluntary retirement packages, such statements would not have been unlawful as material misrepresentations by a Plan fiduciary. Plaintiff clearly has the burden of proving, through admissible evidence, that there were in fact affirmative material misrepresentations. In response to SBC's summary judgment motion, he has not produced a shred of such evidence. This is because there <u>is</u> no evidence and thus there is no triable issue of fact even if a claim for breach fiduciary duty had been pled.[11]

### E. Plaintiff Admits That He Was Provided All Documents to Which He Was Entitled Under ERISA.

The plaintiff asserts that he cannot "determine the parameters for assessing his claim" without

---

[11] Throughout his Opposition, plaintiff talismanically repeats that the Company <u>must</u> have been "seriously considering" the EPR at the time of his April 7, 2000 retirement. "Serious consideration . . . exists then (1) a specific proposal (2) is being discussed for purposes of implementation (3) by senior management with authority to implement the change." <u>Martinez v. Schlumberger, Ltd.</u> ___ F.3d ___, 2003 WL 21557397 at *9 (5th Cir. July 9, 2003) (copy attached). The serious consideration doctrine is of questionable significance in evaluating material misrepresentation claims in this Circuit, <u>see, e.g., Ballone v. Eastman Kodak Co.</u>, 109 F.3d 117 (2d Cir. 1997); <u>Radley v. Eastman Kodak Co.</u>, 19 F. Supp.2d 89 (W.D.N.Y. 1998), <u>aff'd</u>, 199 F.3d 1323 (2d Cir. 1999). In addition, for the reasons stated above, the Court should not reach the issue of whether SBC was seriously considering the EPR at any particular time because no claim for misrepresentation is in this case, and there is no evidence of any misrepresentation by a plan fiduciary. Nonetheless, defendants have offered uncontroverted evidence that the senior management of the Company did <u>not</u> consider any specific proposal for the implementation of enhanced pension offer until several months after plaintiff had already retired. <u>See</u> Exh. 1 to Def. Appendix at p. 3; Exh. A appended hereto ("Rick Aff.").

having such documents as minutes of SBC "committees," minutes of Board of Directors meetings, and other documents. Pl. Opp. Brief at 14. Nowhere in his Opposition does he state -- or provide legal authority for the proposition -- that he was entitled under Section 502(c) of ERISA to such documents or any documents he requested but was not provided. To the contrary, plaintiff concedes that he was provided with all the documents he "requested <u>that he was entitled to under ERISA</u>." Plaintiff's Rule 56(a)(2) Statement at ¶ 35 (emphasis added). He also admits that he was provided "both with copies of the summary plan description and the Plan document -- the formal legal document that governs the plan – for the sole ERISA plan he claims he was eligible for, the EPR." <u>Id.</u> at ¶ 34. Accordingly, for the reasons stated in defendants' Motion for Summary Judgment, defendants respectfully request that judgment enter in their favor on Count Two of the Amended Complaint alleging a denial of documents in violation of Section 502(c) of ERISA.

                           THE DEFENDANTS
                           SBC PENSION BENEFIT PLAN, SBC
                           COMMUNICATIONS, INC., AND SOUTHERN NEW
                           ENGLAND TELEPHONE COMPANY


By_____/s/ Lori B. Alexander_____
   Lori B. Alexander (CT 08970)
   Christopher A. Kelland (CT 22259)
   Tyler Cooper & Alcorn, LLP
   205 Church Street
   New Haven, Connecticut 06509
   Tel. (203) 784-8200
   Fax No. (203) 789-2133
   E-Mail: alexander@tylercooper.com
   Kelland@tylercooper.com

## CERTIFICATION

I hereby certify that a copy of the foregoing has been sent by first class mail, postage prepaid on this 29th day of October, 2003, to all counsel of record as follows:

Edmond Clark, Esquire
83 Scotland Avenue
Madison, Connecticut 06443-2501


_____
Lori B. Alexander
ct 08970