# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | |
|---|---|
| MICHAEL G. ZITO, JR. : | |
| : | CIVIL ACTION NO. |
| Plaintiff, : | 3:02CV277(JCH) |
| : | |
| v. : | |
| : | |
| SBC PENSION BENEFIT PLAN, SBC : | |
| COMMUNICATIONS, INC., SOUTHERN : | |
| NEW ENGLAND TELEPHONE : | |
| COMPANY AND PRICEWATERHOUSE : | DECEMBER 5, 2003 |
| LLP, : | |
| : | |
| Defendants. : | |

## ANSWER AND AFFIRMATIVE DEFENSES
## TO AMENDED COMPLAINT

The SBC Pension Benefit Plan, SBC Communications Inc., and the Southern New England Telephone Company ("Defendants") hereby answer the plaintiff's Amended Complaint as follows:

1.     Inasmuch as Paragraph 1 is a statement of the alleged statutory basis for plaintiff's claims and no factual allegations are contained therein, no responsive pleading is required.

2.     Inasmuch as Paragraph 2 is a statement of jurisdiction and the statutory basis for jurisdiction, and no factual allegations are contained therein, no responsive pleading is required.

3.     As to the allegation that "plaintiff is currently residing at 56 Wheeler Path in the Town of Guilford, County of New Haven, State of Connecticut," the Defendants lack sufficient information to form a belief and therefore leave the plaintiff to his proof. The allegation that plaintiff was a "qualified participant . . . within the meaning of 29 U.S.C. § 1002(7) of ERISA" is a legal conclusion and thus no responsive pleading is required.

4. The defendants deny that the Southwestern Bell Corporation Pension Benefit Plan - Nonbargained Program (SBCPBP) was adopted on October 1, 1980. Inasmuch as the remaining allegations of Paragraph 4 are legal conclusions and contain no factual assertions, no responsive pleading is required.

5. Paragraph 5 is admitted.

6. As to Paragraph 6, the Defendants admit that SNET is a Connecticut corporation with a principal place of business at 310 Orange Street, New Haven, Connecticut. The remaining allegations of Paragraph 6 are denied.

7. As to Paragraph 7, the Defendants lack sufficient information to form a belief and therefore leave the plaintiff to his proof.

8. As to Paragraph 8, the Defendants admit that the plaintiff has exhausted the administrative appeal process under the SBCPBP. The remaining allegations of Paragraph 8 are denied.

## COUNT ONE

**(Pursuant to the Employee Retirement Income Security Act of 1974, [29 U.S.C. § 1001 et seq.] (ERISA) and more particularly sec. 502(a)(1)(B) of said Act [29 U.S.C. sec. 1132(a)(1)(B))]**

1. Paragraph 1 is admitted.

2. Paragraph 2 is admitted.

3. Paragraph 3 is admitted.

4. As to Paragraph 4, the Defendants lack sufficient information to form a belief and therefore leave the plaintiff to his proof.

5. As to Paragraph 5, the Defendants deny that the plaintiff was covered under the SBCPBP continuously during his employment. The defendants admit that plaintiff became employed by SNET on or about April 28, 1969.

6. Paragraph 6 is admitted.

7. As to Paragraph 7, the defendants admit that there was a merger of organizations on October 26, 1998. The Defendants deny the remaining allegations of Paragraph 7.

8. Paragraph 8 is denied.

9. As to Paragraph 9, the Defendants lack sufficient information to form a belief and therefore leave the plaintiff to his proof. The Defendants deny that plaintiff "petitioned the company" for pension benefit enhancements prior to his retirement in April 2000.

10. Paragraph 10 is denied.

11. As to Paragraph 11, the Defendants admit that plaintiff separated from employment with his employer, SNET, on April 7, 2000. The remaining allegations of Paragraph 11 are denied.

12. As to Paragraph 12, the Defendants admit that on or about September 7, 2000, SBC announced that it was implementing an Enhanced Pension and Retirement Plan ("EPR") which would be available to certain actively employed, qualified individuals. The Defendants deny the remaining allegations of Paragraph 12.

13. The Defendants deny the allegations of Paragraph 13 as stated, and affirmatively state that the qualification standards are expressly set forth in the SBCPBP and speak for themselves.

14. Paragraph 14 is denied.

15. As to Paragraph 15, the Defendants admit that plaintiff requested benefits under the EPR and that such benefits were denied due to his ineligibility. The remaining allegations of Paragraph 15 are denied.

16. As to Paragraph 16, the Defendants admit that on or about December 19, 2000, plaintiff wrote to the SBC Pension Plan Service Center claiming eligibility for benefits under the EPR. The remaining allegations of Paragraph 16 are denied.

17. Paragraph 17 is admitted.

18. As to Paragraph 18, the Defendants lack sufficient information to form a belief and therefore leave the plaintiff to his proof.

19. As to Paragraph 19, the Defendants admit that they provided documents to the plaintiff, and furthermore that plaintiff received all documents to which he was entitled under ERISA. The remaining allegations of Paragraph 19 are denied.

20. As to Paragraph 20, the Defendants admit that plaintiff mailed to the SBC Pension Plan Service Center a document entitled "Administrative Appeal of Pension Decision" on or about August 9, 2001. The remaining allegations of Paragraph 20 are denied.

21. As to Paragraph 21, the Defendants admit that on or about October 22, 2001, the Benefit Plan Committee forwarded to plaintiff's counsel a letter stating that plaintiff's appeal was denied because he was ineligible for EPR benefits. Defendants further admit that the letter stated that the company's "records indicate that Mr. Zito terminated employment on April 7, 2000, which was prior to August 17, 2000, making him ineligible for the Enhanced Pension and Retirement Program, therefore his appeal is denied." The remaining allegations of Paragraph 21 are denied.

22. Paragraph 22 is denied.

23. Paragraph 23 is denied.

24. Paragraph 24 is denied.

25. Paragraph 25 is denied.

26. Paragraph 26 is denied.

27. Paragraph 27 is denied.

## COUNT TWO

**(The Employment Retirement Income Security Act of 1974 [29 U.S.C. secs. 1001 et seq.] (ERISA), and more particularly sec. 502(c) of said Act [29 U.S.C. sec. 1132(c)].**

1-27. The defendants hereby incorporate by reference their answers to Paragraphs 1-27 of the First Count as if fully set forth herein.

28. Paragraph 28 is denied.

29. Paragraph 29 is denied.

## COUNT THREE

**(Pursuant to the law of the State of Connecticut)**

Count Three was dismissed by the Court on July 17, 2002, and therefore no responsive pleading is required.

## COUNT FOUR

**(Pursuant to the law of the State of Connecticut)**

Count Four was dismissed by the Court on July 17, 2002, and therefore no responsive pleading is required.

## AFFIRMATIVE DEFENSES

1. The allegations in plaintiff's Complaint fail to state a claim upon which relief may be granted.

2. Some or all of plaintiff's claims are barred by the applicable statute of limitations.

Dated at New Haven, Connecticut this 5th day of December, 2003.

THE DEFENDANTS,
SBC PENSION BENEFIT PLAN, SBC COMMUNICATIONS,
INC., AND SOUTHERN NEW ENGLAND TELEPHONE, INC.

By _____
Lori B. Alexander
Federal Bar No.: CT 08970
TYLER COOPER & ALCORN, LLP
205 Church Street
P. O. Box 1936
New Haven, Connecticut 06509
Telephone: (203) 784-8200
Facsimile: (203) 789-2133
E-Mail: alexander@tylercooper.com

CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing was sent via first-class mail, postage prepaid, to all counsel and pro se parties of record on this 5th day of December, 2003, as follows: Edmond Clark, Esquire, 83 Scotland Avenue, P.O. Box 133, Madison, Connecticut 06443-0133.

_____
Lori B. Alexander