UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

MICHAEL G. ZITO, JR.
:
Plaintiff,
:   CIVIL ACTION NO.
:   3:02CV277(JCH)
v.
:
:
SBC PENSION BENEFIT PLAN, SBC   :
COMMUNICATIONS, INC., SOUTHERN   :
NEW ENGLAND TELEPHONE   :
COMPANY AND PRICEWATERHOUSE   :   JANUARY 12, 2005
LLP,
:
Defendants.   :

FILED 2005 JAN 12 P 3:13
U.S. DISTRICT COURT
BRIDGEPORT, CONN

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S
MOTION FOR LEAVE TO FILE SUPPLEMENTAL PLEADING**

**I.   INTRODUCTION**

Plaintiff has filed a "Motion to Supplement" requesting permission to supplement his brief in opposition to defendants' pending Motion for Summary Judgment. Because plaintiff's proposed supplemental authority is inapposite to plaintiff's pending claims in this matter and because plaintiff's delay in requesting to supplement his brief will unduly prejudice defendants, defendants request that the Court deny plaintiff's Motion.

**II.   ARGUMENT**

   A.   **The Supplemental Authority That Plaintiff Seeks Leave to Introduce Is Unrelated to Plaintiff's Claims in This Matter.**

On May 8, 2002, plaintiff filed an Amended Complaint alleging four causes of action: Count One alleged a denial of benefits under ERISA §502(a)(1); Count Two alleged a failure to provide documents requested under ERISA § 502(c); Count Three alleged a common law claim of breach of the implied covenant of good faith and fair dealing; and Count Four alleged a common law claim of detrimental reliance. The Court

granted defendants' motion to dismiss the two common law counts; thus, the only remaining claims in this case are (1) a denial of benefits claim brought under ERISA §502(a)(1); and (2) a claim of failure to provide requested documents brought under ERISA §502(c).

Plaintiff now seeks to introduce a March 31, 2004 United States District Court decision involving an ERISA §404[1] breach of fiduciary duty claim. However, no such claim is currently pending in this matter. Indeed, in ruling on defendants' Motion to Dismiss in this matter in 2002, The Honorable Janet B. Arterton expressly pointed out that claims for breach of fiduciary duty through misrepresentation <u>could</u> be brought under ERISA §§ 502(a)(2) and (a)(3), but plaintiff never subsequently made any attempt to do so. Judge Arterton concluded that plaintiff's claim was for denial of benefits under 29 U.S.C. § 1132(a)(1)(B). Mem. of Decision on Motions to Dismiss dated July 17, 2002 at 1, 6 n.3. Plaintiff did not before or after the ruling allege such a claim. Thus, the "supplemental authority" plaintiff seeks to introduce is therefore inapposite to plaintiff's pending claims. Because the supplemental authority sought to be introduced by plaintiff has no bearing on this matter, the Court should deny plaintiff's Motion to Supplement.

### B. Defendants Would Be Unduly Prejudiced If Plaintiff Were Allowed to "Supplement" His Opposition Brief This Late in the Proceedings.

As noted above, Judge Arterton expressly pointed out to plaintiff -- over two years ago -- that a claim for breach of fiduciary duty through misrepresentation could be brought under ERISA. Plaintiff did not bring such a claim, but instead first raised the allegation that defendants breached a fiduciary duty owed to him in plaintiff's Memorandum in Opposition to Defendants' Summary Judgment Motion, which was filed

---

[1] Section 404 of ERISA is enforceable through § 502(a)(3) of ERISA.

on September 30, 2003. On October 29, 2003, in their Reply Brief, defendants expressly and unequivocally pointed out to plaintiff that no claim of breach of fiduciary duty was properly before this Court.[2] See defendants' October 29, 2003 Reply Brief at 4-5.

Plaintiff did not attempt to amend his Complaint in 2003 or 2004, nor did he take any action to attempt to bring an ERISA claim for breach of fiduciary duty against defendants. Instead, on December 16, 2004, <u>more than a year</u> after defendants' Motion for Summary Judgment was filed, <u>more than two years</u> after Judge Arterton pointed out to plaintiff that there was no ERISA claim for breach of fiduciary pending in this matter, and <u>nearly three years</u> after filing his original Complaint, plaintiff filed his Motion to Supplement his opposition to defendants' Motion for Summary Judgment with a decision that was issued <u>approximately nine months before</u> and that does not relate to any of the claims currently pending in this action. The <u>Broga</u> case attached by plaintiff did not involve claims under ERISA § 502(a)(1) or §502(c).

Moreover, plaintiff has not offered any explanation for why he waited nine months to supplement his brief with the March 31, 2004 District Court decision, and he has not identified any newly-discovered facts or changed circumstances that would permit him to do so.[3] At this point in the proceedings, with their summary judgment motion having been filed on September 15, 2003, it would be unduly prejudicial to require defendants to respond to plaintiff's recently proffered supplemental (and irrelevant) authority.

---

[2] In their Reply Brief, defendants also explained that, even if plaintiff were to have timely brought a breach of fiduciary duty claim based on an alleged misrepresentation, that claim would fail as a matter of law. See defendants' Reply Brief at 5-10.

[3] The Federal Rule under which plaintiff is proceeding, Rule 15(d), states that upon motion of a party, "the court may, upon reasonable notice and upon such terms as are just, permit the party to serve a supplemental pleading setting forth transactions or occurrences or events which have happened since the date of the pleading sought to be supplemented." Fed. R. Civ. P. 15(d). The rule does not apply to supplemental <u>authority</u> for a party's legal brief.

### III. CONCLUSION

For the reasons discussed above, plaintiff's Motion to Supplement is untimely and seeks to introduce authority that is wholly unrelated to the claims pending in this case. Accordingly, defendants request that this Court deny plaintiff's motion.

Dated at New Haven, Connecticut this 12th day of January, 2005.

THE DEFENDANTS
SBC PENSION BENEFIT PLAN, SBC
COMMUNICATIONS, INC., AND SOUTHERN
NEW ENGLAND TELEPHONE COMPANY

By _____
Lori B. Alexander (CT 08970)
Christopher A. Kelland (CT 22259)
Tyler Cooper & Alcorn, LLP
205 Church Street
New Haven, Connecticut 06509
Tel. (203) 784-8200
Fax No. (203) 789-2133
E-Mail: alexander@tylercooper.com
Kelland@tylercooper.com

## **CERTIFICATION**

I hereby certify that a copy of the foregoing has been sent by first class mail, postage prepaid

on this 12th day of January, 2005, to all counsel of record as follows:

Edmond Clark, Esquire
83 Scotland Avenue
Madison, Connecticut 06443-2501

                                                                                    _____
                                                                                    Christopher A. Kelland
                                                                                    ct 22259